CASE 33—PETITION EQUITY—OCTOBER 6.

## Maupin's ex'or, &c., vs. Wools, &c.

APPEAL FROM BATH CIRCUIT COURT.

See the opinion for the facts showing that the testatrix was competent to make a valid will, and that the disposition made by her of her estate was not the result of undue influence ; also, that the will was legally published.

HUSTON & DOWNEY, for appellants, cited 2 *Litt.*, 137–8 ; 3 *J. J. M.*, 110 ; 6 *J. J. M.*, 444 ; 25 *N. Y. Rep.* (*Smith's ed.*), 423. T. TURNER, for appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT :

On an appeal to the circuit court from a probate in the county court, of a paper purporting to be the will of Catharine Wools, the circuit judge reversed the order of the county court, and adjudged that the testamentary document is not her will. The correctness of that judgment is the only question presented for our judicial consideration on this appeal.

As no objection, in any form, was made in the circuit court to the time of the appeal, the case is now cognizable only on its merits in this court; and it is, therefore, not necessary or proper to say whether the limitation is five or only three years. The will, written by a disinterested neighbor just as the testatrix dictated its provisions, was subscribed with her name and the names of two attesting witnesses, who wrote their names in her presence and with her knowledge that they were attesting her will. This is ample proof of legal publication. The witnesses need not attest at the same time nor in the presence of each other; and, although the subscribing witnesses, one about sixteen and the other about nineteen years of age, and their father also, at whose house and in whose presence the will was written, subscribed, and attested, all three expressed the opinion that the testatrix was not competent to make a valid will, yet they seemed to think her as competent then as she had ever been; and there is abundant proof, both extrinsic and intrinsic, that she had a disposing mind at,

and always before, publication. We cannot, therefore, set aside the will on any doubt of a disposing mind.

Nor is there any pretext for annulling it for imputed influence, on which the counsel against it in this court seems mainly to rely. The only evidence on this point is, that her old slave Simon managed much of her business on her farm, and, so far, seemed to possess her full confidence, and might exercise some influence. But there is not a semblance of evidence tending, in any degree, to show that he exercised, or could, if he would, have exercised any influence in prompting or moulding her will.

Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with instructions to enter this mandate on its record, and to certify it to the county court.